IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| LABORERS' DISTRICT COUNSEL HEALTH AND WELFARE FUND NO. 2, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. AW-04-1076 |
| RAPID RESPONSE CONSTRUCTION, INC., *et al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

This action arises from a violation of section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. § 1145, by Defendants Rapid Response Construction, Inc. ("Rapid Response") and Anthony's Construction Services ("ACS") (collectively, "Defendants"). Currently before the Court is Defendants' Motion to Dismiss, or, in the alternative, for Summary Judgment [27]. The motion has been fully briefed by the parties and is ripe for consideration. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons to follow, the Court will deny Defendants' Motion to Dismiss.[1]

**I.      FACTUAL & PROCEDURAL BACKGROUND**

The present case concerns a complaint filed by Plaintiffs alleging that Defendants violated section 515 of ERISA. Specifically, Plaintiffs allege that Defendants failed to perform their contractual obligations

---

[1]Because the Court need not consider matters outside of the pleadings in conjunction with its analysis of Defendants' motion, the Court will treat Defendants' motion as a Motion to Dismiss. *See Nat'l Mortgage Warehouse, LLC v. Trikeriotis*, 201 F.Supp.2d 499, 502 (D. Md. 2002) ("When matters outside the pleadings are presented to the court, a Rule 12(b)(6) motion to dismiss shall be treated as a motion for summary judgment . . . .").

to file monthly employer contribution reports and make the required contributions to Plaintiffs' various trust funds.

Plaintiffs include the Laborers' District Council Health and Welfare Trust Fund No. 2 (the "Welfare Fund"), the Laborers' District Council Pension and Disability Trust Fund No. 2 (the "Pension Fund"), the Laborers' Joint Training Fund of Washington, D.C. and Vicinity (the "Training Fund") (collectively the "Plaintiff Trust Funds"), as well as Eugene Pinder (Chairman of the Board of Trustees for the Plaintiff Trust Funds), Aaron Webb (Secretary of the Board of Trustees for the Plaintiff Trust Funds), and Dennis Desmond (Chairman of the Board for the Training Fund).

Plaintiffs signed collective bargaining agreements ("CBAs") with Defendants for the Pension, Welfare, and Training Funds. Under the CBAs, Defendants are obligated to file monthly employer contribution reports ("Contribution Reports") indicating the number of hours worked by covered employees, and additionally to make timely contributions to the Plaintiff Trust Funds for each employee covered by the CBAs. The CBAs also provide that, upon the failure of any employer to file such reports or to make contributions to the Plaintiff Trust Funds in the manner and within the time provided, liquidated damages, in addition to the contributions due the Plaintiff Trust Funds, will be assessed against that employer.

For the work months of September 2003 through January 2004, Rapid Response did not file the required Contribution Reports. In addition, for the work months of December 2002 and January 2004 through August 2004, Rapid Response did not pay outstanding contributions and liquidated damages. For the work months of April 2002 through May 2002 and July 2002 through October 2002, ACS did not file the Contribution Reports or make the required contributions to the Plaintiff Trust Funds.

On April 6, 2006, Plaintiffs brought suit under section 515 of ERISA, seeking delinquent contributions, liquidated damages, interest, and attorneys' fees pursuant to the CBAs and ERISA.

On May 24, 2004, ACS filed its Answer to Plaintiffs' Complaint, which included a defense that, upon information and belief, "service of process was insufficient." At that time, Defendant did not file a motion to dismiss in response to Plaintiffs' Complaint.

On August 12, 2004, the Court issued a scheduling order. Pursuant to the scheduling order, from August 12, 2004 to January 10, 2005, Defendants engaged in substantive discovery. Specifically, Defendants made document requests, produced documents addressing Plaintiffs' allegations of delinquent contributions, and took depositions of fact witnesses. By January 10, 2005, Defendants completed discovery. At no time during this five month process did Defendants raise the defense of improper service of process in response to Plaintiffs' allegations.

On February 2, 2005, Defendants filed the instant Motion to Dismiss, or, in the alternative, for Summary Judgment, arguing that "[s]ervice of process on Ms. Howerton for Defendant Anthony's Construction Services was improper because she was not an owner or employee of Defendant Anthony's Construction Services." The instant motion is ripe for review and the Court will now issue an Opinion.

## II.  STANDARD

It is well established that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-

pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (*citing Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [a plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (*citing* 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

### III.   DISCUSSION

#### A.   Waiver of Defense of Insufficient Service of Process

Defendants argue that Plaintiffs failed to properly serve process upon ACS and therefore Plaintiffs' Complaint against ACS must be dismissed. Plaintiffs counter that Defendants waived their defense of insufficiency of service of process under Rule 12(b)(5), as Defendants engaged in substantive discovery.[2]

---

[2]Because Plaintiffs' waiver argument is dispositive, the Court needs not engage in the more protracted analysis of whether service of process was properly executed upon ACS. The Court also

4

The Court agrees with Plaintiffs.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, if [a] complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause. Fed. R. Civ. P. Rule 4(m) (2005); *see Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995). A defendant may challenge improper service of process by filing a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. Rule 12(b)(5); *see Schrader v. Trucking Employees of N. Jersey Welfare Fund, Inc.* 232 F.Supp.2d 560, 570 (M.D.N.C. 2002).

Undue delay in challenging personal jurisdiction by motion to dismiss may result in a waiver, even where the defense is asserted in a timely manner. *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2nd Cir. 1990); s*ee Foster v. Arletty 3 Sarl*, 278 F.3d 409, 413 (4th Cir. 2002) (the personal jurisdiction requirement is grounded in the due process clause, and, as with other due process rights, this requirement is subject to waiver). Indeed, personal defenses – such as lack of jurisdiction – may be deemed waived for failure to timely raise the defense, by formally submitting oneself to the jurisdiction of the court, or by "submission through conduct." *United States to Use of Combustion Sys. Sales, Inc. v. E. Metal Prods. & Fabricators, Inc.*, 112 F.R.D. 685, 687 (M.D.N.C. 1986) (internal citations omitted). Waiver can be inferred, even when the defense has been formally raised in an answer, by a defendant's conduct or inaction, such as a defendant's entry of appearance, filing of motions, or participation in hearings or discovery. *Id.*

*Datskow* is instructive in the instant case. In *Datskow*, the defendant, after filing its answer alleging

---

notes that the parties failed to provide this Court with relevant and key factual information, such as the corporate status of ACS, the lack of which would further complicate this Court's analysis.

a defense of lack of proper service, participated in the case for four months before moving to dismiss for lack of proper service. *Datskow*, 899 F.2d at 1300. Moreover, the defendant's participation was substantive; the defendant attended a conference with a magistrate at which scheduling of discovery and motions was discussed. During the discovery period, however, defective service of process was not raised by defendants. *Id.* Considering the defendant's behavior, the Second Circuit found that the defendant sufficiently participated in proceedings in the district court to have waived lack of personal service of process. *Id.*

Similarly, the court in *In re Griffin Services, Inc.* found that the defendant waived her defense of improper service of process through her conduct in the case. 2005 WL 1287920 (Bankr. M.D.N.C.). In *Griffin*, the defendant participated in the case for over a year before raising the defense of ineffective service of process in support of summary judgment. *Id.* at 5. During this time, the defendant filed a scheduling memorandum and participated in the full substantive discovery process, including depositions and written discovery. *Id.* The court found that such conduct barred the defendant from subsequently arguing defective service of process. *Id.*

Here, ACS initially raised the defense of insufficient service of process in its Answer. However, rather than immediately filing a motion to dismiss, ACS engaged in extensive and substantive discovery. Specifically, following the Court's Scheduling Order, Defendants submitted status reports, made document requests, produced documents in response to Plaintiffs' allegations of delinquent contributions, and took factual depositions.

Only on February 7, 2005 did ACS file the instant Motion to Dismiss for Improper Service of Process. As such, ACS participated in discovery for over five months before it filed the instant motion.

The Court finds that said participation was substantive, utilizing the time and resources of the parties and this Court to pursue matters outside of the service of process issue. Defendants provide no reason as to why this delay occurred or why the delay does not have the effect of waiving Defendants' service of process argument. Therefore, the Court finds that ACS sufficiently waived its defense of insufficient service of process.

### B. Payment of Unpaid Contributions

Defendants maintain that, because they have paid the $115.38 sought by Plaintiffs as damages in this case, Plaintiffs no longer have a claim against Defendants and summary judgment should be granted in favor of ACS. The Court disagrees.

The relevant statutory guidelines of ERISA provide that a defendant who fails to make contributions in accordance with a collectively bargained agreement is liable for liquidated damages, interest on the unpaid contributions, attorneys' fees and costs. 29 U.S.C. § 1132 (2005). Section 1132 provides, in pertinent part:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see Trs. of Glaziers Local 963 Pension, Welfare, & Apprentice Funds v. Walker & Laberge Co., Inc.*, 619 F. Supp. 1402, 1405 (D. Md 1985) (in enforcement suits in which the defendant is compelled to comply contractually and statutorily to the trust agreement, "plaintiffs are entitled to costs and attorneys' fees upon the award of judgment in their favor"). The language of section 1132(g)(2) is mandatory and not within the discretion of the court. *McDonald v. Centra*, 118 B.R. 903, 931 (D. Md. 1990).

Here, at the time the suit was filed, ACS did not pay the required contributions for the work months April 2002 through May 2002 and July 2002 through October 2002. Thus, upon an award of judgment in Plaintiffs' favor, ACS will be liable for mandatory liquidated damages, interest on the unpaid contributions, attorneys' fees, and costs. Although Defendants argue that ACS has satisfied the unpaid contributions and liquidated damages components of section 1132,[3] it is plain that ACS has not paid attorneys' fees, costs, and interest as contemplated in that section. Thus the Court will not dismiss ACS from this case.

## IV.     CONCLUSION

For the aforementioned reasons, the Court will DENY Defendants' Motion to Dismiss [27]. An Order consistent with this Opinion shall follow.

| | |
|---|---|
| July 25, 2005 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Court |

---

[3] Additionally, the Court is not persuaded that all unpaid contributions are reflected in the $115.38 money amount cited by Defendants. The relevant exhibits presented by Defendants are ambiguous, and thus the Court declines to determine which charges were included in the amount $115.38.